# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KROTTOREY MCKINSTRY,**
        Plaintiff,

     v.                                                   Case No. 14-CV-1086

**LT. VAN LADDEN,
CO HYMES, and
JOHN DOE, Segregation Captain,**
        Defendants,

## DECISION AND ORDER

Plaintiff, Krottorey McKinstry, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at Green Bay Correctional Institution (GBCI). This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, plaintiff's motion for leave to file an amended complaint, which I will grant, and for screening of plaintiff's amended complaint.

### I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff has been assessed and paid an initial partial filing fee of $2.31. I will grant his motion for leave to proceed in forma pauperis.

### II. SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

2

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

On July 17, 2013, the plaintiff went through a routine strip search when he returned to GBCI from a court appearance in Winnebago County. Then defendants Lt. Van Lanen and C.O. Hymes attempted to escort plaintiff back to his cell (No. 218), but the were redirected to the outside recreation cage because all of the 200 range was undergoing a search of each and every cell.

Defendant John Doe Segregation Captain, ordered that a strip/visual body cavity search be conducted in the recreation cage. Van Lanen then ordered Hymes to conduct the strip search, even though he had already searched plaintiff. The recreation cage had bird feces, dead bugs, and reeked of urine. Plaintiff was forced to strip there in front of

cameras and other inmates. After the strip search, plaintiff was taunted and harassed by openly gay and disorderly inmates regarding his sexual organs, which caused plaintiff emotional distress, anxiety, humiliation, and mild depression. This taunting went on day and night until plaintiff was transferred to another prison.

"In the context of bodily searches performed upon those incarcerated in our prison system, only those searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." Whitman v. Nesic, 368 F.3d 931, 934 (7th Cir. 2004). Prison officials are certainly permitted to touch, pat down and search a prisoner in order to determine whether the prisoner is hiding anything dangerous on his person. Id. However, a search of a prisoner may violate the Eighth Amendment if it is "conducted in a harassing manner intended to humiliate and inflict psychological pain." Calhoun v. Detella, 319 F.3d 936, 939 (7th Cir. 2003).

Plaintiff avers that the strip search in the outdoor recreation cage was conducted in a manner intended to humiliate and cause psychological pain. That is enough to state an Eighth Amendment claim at this stage. Plaintiff's claim may proceed against defendants Van Lanen, Hymes, and John Doe segregation captain.

After the named defendants have appeared in this case, plaintiff shall use discovery to find the name of the defendant he identified as John Doe segregation captain. Then plaintiff should bring a motion to substitute the name for the defendant currently identified as John Doe segregation captain.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #9) is **GRANTED** .

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct complaint (Docket #16) is **GRANTED**. The Clerk shall file plaintiff's proposed amended complaint (Docket #16-1).

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: Lt. Van Lanen and C.O. Hymes.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $347.69 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional

Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2015.

>s/ Lynn Adelman
>_____
>LYNN ADELMAN
>District Judge