# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KROTTOREY MCKINSTRY,**

    **Plaintiff,**

  v.                                                Case No. 14-CV-1086

**JAY VAN LANEN, CO MICHAEL HEIM, and CAPTAIN LESATZ,**

    **Defendants.**

## ORDER

Plaintiff Krottorey McKinstry filed a "Motion for Certification of Court Order Concerning Deduction from Inmate Account to Pay Court Filing Fee." (ECF No. 78). Plaintiff believes that the prison is misinterpreting my order regarding the collection of the remainder of the filing fee in this case. Plaintiff argues that the prison is taking twenty percent out of his account when he does not have more than $10.00. The prison is deducting twenty percent each time plaintiff receives state pay or someone sends him money, which means that the prison is taking out twenty percent two or more times a month. Plaintiff attached to his motion a copy of his monthly prisoner trust account statement and an interview request form with a response that a twenty percent deduction will be taken from all money plaintiff receives.

The statute that provides the procedure for the collection of the remainder of the filing fee is 28 U.S.C. § 1915(b)(2). It provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward

> payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Id.

Plaintiff's motion stems from his misunderstanding of the statute. The two sentences are separate, and a prison does not need to wait until there is $10 in the prisoner's account before taking twenty percent of the income. The $10 limit allows prisons to collect small amounts from a prisoner's trust account each month and only bear the administrative cost of mailing the funds to the court when it has collected $10 or more (though many institutions send smaller amounts, which is acceptable).

Also, I will not interfere with the prison's method for collecting the "20 percent of the preceding month's income credited to the prisoner's account." Id. In fact, it is efficient to deduct the twenty percent when the income comes into the account. If the prison waited, prisoners could spend 100 percent of their income before the prison had the opportunity to total the income for the month and then make the deduction. There is no burden on the plaintiff to have the twenty percent removed each time there is a deposit rather than once a month.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to certify court order concerning deduction from inmate account (Docket #78) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge