# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KROTTOREY MCKINSTRY,
    Plaintiff,

v.                                               Case No. 14-CV-1086

JAY VAN LANEN, CO MICHAEL HEIM, and
CAPTAIN LESATZ,
    Defendants.

## DECISION AND ORDER

Krottorey McKinstry, a Wisconsin state prisoner representing himself, brought this case under 42 U.S.C. § 1983, and I allowed him to proceed on claims that the defendants, state corrections officials, violated his Eighth Amendment rights by conducting an unjustified and intentionally humiliating strip search. Before me now are the parties' cross-motions for summary judgment.

## I. BACKGROUND

At all relevant times, plaintiff was in custody of the Wisconsin Department of Corrections (DOC) at the Green Bay Correctional Institution (GBCI). The defendants are current and former GBCI officials employed by DOC: at the time, Mark Lesatz was a captain, Jay Van Lanen was a lieutenant, and Michael Heim was a correctional officer.

This case concerns strip searches performed on July 17, 2013. GCBI officials conducted a unit-wide search of its segregation building that day, during which each inmate was removed from his cell, strip searched in another location, held while officials searched his cell, and then returned. The unit-wide search was a security measure meant to allow prison officials to uncover and confiscate contraband. Due to a shortage

of appropriate indoor cells, the number of inmates at the time, and the limited amount of time approved in which to conduct the unit-wide search, Lesatz decided to use twelve outdoor recreation cells to conduct strip searches during the unit-wide search.

During the unit-wide search, plaintiff returned to GBCI from court. Plaintiff says that Heim strip searched him when he arrived (though Heim does not recall doing so), which the parties agree is a routine security precaution when an inmate re-enters the facility. When that search was finished, plaintiff's cell was being searched, so he was taken to an outdoor recreation cell where Heim strip searched him again (Heim does recall this search). Plaintiff says that Van Lanen was present for the second search and that he ordered the search even after Heim told him about the first search. Van Lanen says he was not there and was not specifically aware of either search.

The parties also dispute the conditions in the outdoor recreation cell. Plaintiff says that the cell was littered with bird feces and dead bugs. Defendants say that it was cleaned and inspected prior to the unit-wide search, and Heim and Van Lanen do not recall (or were not aware of) it being littered with bird feces or dead bugs, but that it was an outdoor cell so there may have been bugs in it. Plaintiff says that other inmates being escorted to other outdoor recreation cells for strip searches (and the staff members escorting those inmates) could see him and taunted him afterward. Defendants say that this is unlikely because inmates being escorted are directed to face forward at all times and would have had, at most, a momentary, obstructed view into the cell. Plaintiff says that a video camera was trained on the recreation cell. Defendants say the camera was not recording.
2

Finally, the parties dispute the manner in which the second search was conducted. Plaintiff says he was harassed continuously during the search, he was nude for eight to nine minutes (many times longer than normal), and Heim made harassing and sexual comments to and about him during it. He says that other staff present did nothing but laugh. Defendants say that the search was not conducted in a harassing manner and they did not intend to humiliate plaintiff or cause him psychological pain.

## II. DISCUSSION

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). For the purposes of deciding the parties' motions, I resolve all factual disputes and make all reasonable factual inferences in favor of the non-moving party. *Springer v. Durflinger*, 518 F.3d 479, 483–84 (7th Cir. 2008).

Plaintiff argues that the second strip search violated the Eighth Amendment's prohibition on cruel and unusual punishment. "A strip-search in . . . prison can be cruel and unusual punishment." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (per curiam) (first citing *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); and then citing *Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998)). "[W]here there is no legitimate reason for the challenged strip-search or the manner in which it was conducted, the search may 'involve the unnecessary and wanton infliction of pain' in violation of the Eighth Amendment." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337,

3

346 (1981)). A plaintiff can establish that a search was not conducted for a legitimate reason by showing that it "was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *Id.* (first citing *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); then citing *Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir. 1987); and then citing *Hudson v. Palmer*, 468 U.S. 517, 530 (1984)). A plaintiff can establish that the manner in which a search was conducted was unconstitutional, even if it was conducted for a valid reason, by showing that it was "'conducted in a harassing manner intended to humiliate and cause psychological pain.'" *Id.* (quoting *Mays*, 575 F.3d at 649).

### A. Mark Lesatz

Lesatz's only involvement with the second strip search is that he decided to have officials conduct strip searches in outdoor recreation cells during the unit-wide search. His uncontroverted declaration shows that he balanced the privacy interests of the inmates against the security interests of the institution and decided that the outdoor recreation cells provided both a reasonable (if not perfect) degree of privacy and sufficient space in which to complete the searches during the time allowed. *See* Lesatz Decl., ECF No. 69. Plaintiff argues only that Lesatz knew that the searches conducted in these cells wouldn't be private. However, the Eighth Amendment "does not protect privacy interests within prisons." *Johnson v. Phelan*, 69 F.3d 144, 150 (7th Cir. 1995). Without more, a jury could not find that Lesatz had any intent to injure plaintiff. "No intent to injure means no 'punishment'; and no 'punishment,' no violation." *Id.* Therefore, I will grant defendants' motion for summary judgment as to plaintiff's claim against Lesatz and dismiss him from this case.

4

## B. Jay Van Lanen and Michael Heim

Plaintiff first argues that there was no legitimate reason for the second strip search, with which both Van Lanen and Heim were directly involved. Plaintiff had been strip searched upon his return to GBCI, and as far as I can tell, he was never outside the presence of prison staff between the two searches, so he could not have acquired any contraband. Defendants argue only that the second search was reasonable, in general, because it was part of a legitimate and justified unit-wide search. I have no doubt that the unit-wide search was generally justified, but I cannot find that strip searching plaintiff a second time shortly after he was strip searched the first time was reasonable under the circumstances. This, combined with plaintiff's testimony about the manner in and conditions under which the search was conducted, would allow a reasonable jury to find that the second search was motivated by a desire to harass or humiliate plaintiff rather than by a legitimate justification.

However, a reasonable jury could also credit defendants' testimony and find that, even if the second search was not entirely necessary, it was not meant to harass or humiliate plaintiff and was, at worst, an attempt to carry out a general unit-wide search that became unnecessary in plaintiff's case because of his unique circumstances that day. Whether the search was necessary, it was not unconstitutional unless it was motivated by an intent to injure plaintiff. *Johnson*, 69 F.3d at 150. The parties' materials show a genuine issue of material fact as to this issue (as well as whether Van Lanen was involved and whether Heim conducted or was aware of the first search), so I cannot grant summary judgment for either party.

5

Plaintiff next argues that Van Lanen and Heim conducted the second search in a harassing manner intended to humiliate him and cause him psychological pain. A reasonable jury could credit plaintiff's testimony about the conditions under which he was searched (*e.g.*, the uncleanliness of the recreation cell, the camera, the lack of privacy) and the manner in which defendants conducted the search (*e.g.*, harassing and sexual language, excessively prolonging the time in which plaintiff was nude) and find that defendants conducted the search in a harassing manner intended to humiliate plaintiff and cause him psychological pain. However, a reasonable jury could instead credit defendants' testimony and find that they did not conduct the search in a harassing manner or intend to injure plaintiff. Again, the parties' materials show a genuine issue of material fact as to this issue, so I cannot grant summary judgment for either party.

Defendants argue that any harassment during the search, if there was any, was merely verbal harassment, which is not actionable. "[M]ost verbal harassment by . . . prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (first citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003); then citing *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); and then citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). However, the issue here is not whether the harassment itself is actionable but whether the search was conducted in a harassing manner intended to humiliate plaintiff and cause him psychological pain. Verbal harassment, especially when combined with other evidence about the conditions under which the search was conducted (including whether it was conducted for a legitimate reason), is relevant evidence from which a jury could conclude that the search "was done with an intent to harass." *Mays*, 575 F.3d at 650.

6

Case 2:14-cv-01086-LA   Filed 12/07/16   Page 6 of 7   Document 81

Finally, Van Lanen and Heim argue that they are entitled to qualified immunity. "As a general rule, government officials performing discretionary functions are 'shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.'" *Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiff's constitutional right to be free from an unjustified strip search conducted in an unreasonable manner was clearly established on July 17, 2013. *See, e.g.*, *Mays*, 575 F.3d at 649–50 (holding, in 2009, that strip searches performed without valid justification and intended to harass are unconstitutional). Therefore, defendants are not entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Williams v. City of Chicago*, 733 F.3d 749, 758 (7th Cir. 2013).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment (ECF No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (ECF No. 66) is **GRANTED in part** and **DENIED in part**, as described herein.

**IT IS FURTHER ORDERED** that defendant Lesatz is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge